## Gram's Appeal.

4w 43
179 556
4 W 43
25 SC 1471

Every intendment of fact is to be made in support of a judgment of the court of common pleas.

In a joint action of debt against two, arbitrators, to whom the cause was referred, reported against one defendant, and in favour of the other, from which there was no appeal.  Upon a sale of the defendant's real estate, against whom the award was made, and the money being brought into court for appropriation, it was held, that the plaintiff was entitled to have the amount of the judgment out of the money in court, although a writ of error was pending, upon which the validity of the judgment would be tried.

APPEAL from the decree of the court of common pleas of *Dau-*

*phin* county, appropriating the proceed sof the sale of the real estate of Frederick Gram.

The judgment upon which the money was claimed in this case, was, Jacob Kauffman's Executors against Frederick Gram and Samuel Bossler. Suit to September term 1828, referred to arbitrators : 30th of December 1828, report filed, finding the sum of 1017 dollars due by Frederick Gram to the plaintiff, and " no cause of action as to Samuel Bossler." A writ of error issued to May term 1834, to remove this judgment to the supreme court. And the only question was, whether this judgment was such as to entitle the plaintiff to the money, it being prior to all others. The court below decreed, that he was entitled to the money, and the subsequent judgment creditors appealed.

*Harris,* for appellant.
*M'Cormick,* contra.

The opinion of the Court was delivered by

GIBSON, C. J.—A judgment is not to be reversed at random, or for suspicion of error. Where it may be erroneous or not, according to the existence of circumstances which do not appear, every intendment of fact is to be made in support of it. The error imputed to this award, which stands as a judgment before us, is, that the liability of the defendants has been severed, though the action is on a joint bond. Undoubtedly an action is maintainable on a joint contract but by proof of a responsibility valid and joint in its creation ; and a plaintiff who counts on a joint obligation fails in his action, on the principle of variance, by failing to show that all the obligors were originally bound. Laying a joint contract, he subjects himself to the necessity of proving a joint contract, though one of the defendants may have been subsequently absolved from it. Even the infancy of a joint obligor, avoiding as it does his act, when it would subject him to a penalty, makes the obligation but the bond of him who had capacity to bind himself, and raises an obstacle to a joint action on it, not to be surmounted by a *nolle prosequi,* which legitimately disposes of no more than a subsequent personal abscision from the contract. By the English common law, the infancy of a joint defendant may be successfully employed to defeat an action, even of *assumpsit,* though the promise of an infant be not void, but voidable; and this, it would seem, because the act of avoidance is supposed to operate retrospectively. The law is held more consonantly to reason and convenience by the supreme court of New York, as it will eventually be, perhaps, by every court elsewhere. To bring an action securely under the British rule, the plaintiff must make an accurate estimate of the age of each defendant, of whose infancy he may know or suspect nothing, as the fact lies peculiarly within the knowledge of him whose privilege it is, and whose province it therefore seems to be to assert it. If such then be the province of the infant, the plaintiff

could maintain neither a joint nor a several action, allowing to the fact of infancy the effect of avoiding the contract from the beginning, by relation, as it might be urged or withheld, to make the promise a joint or several one, as the exigences of the defence should require. If, on the other hand, such were the province of the plaintiff, he would not only maintain the fact under the burthen of unequal facilities, in regard to proof, but compel the infant to avail himself of his privilege, and perhaps contrary to his wishes, though it is more consistent with the truth of the case to consider the contract as avoided, in respect to him, but from the signification of his election to have it so, than to consider it as having been void from the beginning, which it actually was not. It therefore seems to be time enough in a joint action, on a contract voidable in part by one of the defendants, to dispose of the allegation of infancy when it has come from the other side, and then only as a ground of personal discharge, brought into effective operation, for the first time, by the election of the infant, and consequently as not going to the action of the writ. From a bond, however, there is no *legal* discharge, at present recollected, which at the same time affirms the original validity of the contract, but a certificate of bankruptcy, which has ceased to occur here, as our bankrupt laws have long been repealed. But in equity, a surety is frequently discharged for matter subsequent to the obligation, while the principal remains bound; and this matter, though not an impediment to the recovery of judgment at law, may by our practice be set up as a separate personal defence to an action on the instrument. Where, therefore, a surety is shown, in the course of a trial by a jury, to be cut loose from his obligation by the negligence of the plaintiff, the proper course is to relinquish the pursuit of him by a *nolle prosequi*, and proceed against the principal. Now, as there were no pleadings before the arbitrators, we are not sure, and therefore cannot say, that these defendants did not stand in the relation of principal and surety; and all that is wanting to make the award consistent with form, is the entry of a *nolle prosequi*. But we are not to look for technical congruity in the proceedings of arbitrators. Where they happen to be independent instruments of judicial administration, the most that can be expected from them is the substance of justice without its forms. Even if a *nolle prosequi* could be formally entered before arbitrators, which may be doubted, yet, as they are not bound to common law forms in giving effect to common law responsibilities, the personal discharge of a joint defendant, by the terms of the award, is but equivalent in substance to a discharge of him by the act of the plaintiff. The most that can be said of it is, that it exhibits an apparent incongruity in the proceedings, which however is insufficient to overturn an award that may be superior to exception on the merits.

Judgment and execution affirmed.